IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT D. ERVIN, | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-19-393-RAW |
| | ) |
| MINNESOTA LIFE INSURANCE | ) |
| COMPANY, COURTENI JONES, and | ) |
| ARMSTRONG BANK, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the court is the motion of the plaintiff to remand. Plaintiff commenced this action in the District Court of Muskogee County, State of Oklahoma, on September 9, 2019. The allegations of the state court petition (#2-6) are generally as follows: Plaintiff's father bought a pickup truck and went to Armstrong Bank in Muskogee, Oklahoma, on October 5, 2018 to arrange financing for the purchase of the vehicle. Plaintiff's father did his banking business with Armstrong Bank and was familiar with most of the employees, and they with him.

Plaintiff's father was of an advanced age, walked slowly, and made obvious use of an oxygen cannister to assist his breathing. In connection with completion of the loan paperwork, the "personal banker" of plaintiff's father, defendant Jones, offered credit life insurance to plaintiff's father. "Upon information and belief" (*Id.* at 2), Jones did not ask plaintiff's father the health question on the insurance application, but rather told him where

to sign after Jones (not plaintiff's father) completed the application. If Jones actually did ask plaintiff's father the health question, she did not write down the answer he provided because plaintiff's father would not have intentionally misrepresented his health. Defendants Armstrong Bank and Jones represented to plaintiff's father that he was eligible for coverage even with his obvious and apparent medical condition. (*Id.* at 2). The fact that his condition was obvious assured plaintiff's father that it was appropriate for him to buy this insurance, and it would provide valuable protection to pay off the loan in the event of his death. (*Id.* at 3).

Because plaintiff's father regularly did business with Armstrong Bank, he trusted bank employees to properly advise him. Armstrong Bank and the people selling credit life insurance at the bank earned commissions from the sale of credit life insurance to customers. Plaintiff's father acted in reliance upon the material misrepresentations of defendants Armstrong Bank and Jones. Plaintiff's father commenced making his monthly payments on the loan, which including paying the credit life insurance premium.

Plaintiff's father passed away February 21, 2019. Plaintiff submitted his claim for credit life insurance benefits, but defendant Minnesota Life Insurance Company rescinded the credit life insurance policy and denied payment of benefits on July 18, 2019. The petition alleges (1) false representation, concealment and deceit against all defendants; (2) breach of contract against defendant Minnesota Life Insurance Company and (3) breach of the duty of good faith against defendant Minnesota Life Insurance Company.

Defendant Minnesota Life Insurance Company removed the action to this court on November 11, 2019.[1] The basis asserted is that there is diversity of citizenship between plaintiff and Minnesota Life, while Armstrong Bank and Jones (Oklahoma residents) have been fraudulently joined. It appears to be undisputed that Jones was an employee of the Bank at the pertinent time. (#10 at n.3; #17-8).

A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). Fraudulent joinder is a term of art. It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant. *Ferrell v. BFG Global, LLC,* 2015 WL 6438988 n.4 (W.D.Okla.2015)(*quoting Cooper v. Zimmer Holdings, Inc.,* 320 F.Supp.2d 1154, 1157 (D.Kan.2004)).

Defendant can prove fraudulent joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson,* 733 F.3d 980, 988 (10th Cir.2013); *Long v. Halliday,* 768 Fed. Appx. 811, 814 (10th Cir.2019). Defendant's argument is on the second path, asserting that plaintiff's claim against the Oklahoma defendants fails as a matter of law. Removing defendants bear the burden of establishing jurisdiction. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001). A defendant

---

[1] A defendant who was allegedly fraudulently joined need not consent to the notice of removal. *See Coppedge v. Cabot Norit Americas, Inc.,* 2020 WL 967339, *2 (N.D.Okla.2020).

asserting fraudulent joinder carries a heavy burden of proof. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir.2000). District courts are to resolve disputed questions of facts and ambiguities in the controlling law in the plaintiff's favor and then determine whether the plaintiff "has any possibility of recovery against the party whose joinder is questioned." *Id.* "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.*[2]

In cases where a defendant alleges fraudulent joinder, the Tenth Circuit has directed district courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad v. AstraZeneca Pharmaceuticals, Inc.,* 203 Fed.Appx. 911, 913 (10th Cir.2006). While the court is to pierce the pleadings, the court is not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.,* 378 F.2d 879, 882 (10th Cir.1967). Furthermore, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite,* 525 Fed.Appx. 878, 881 (10th Cir.2013).[3]

---

[2]Thus, this court disagrees with defendant's statement that "the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." (#2 at 4).

[3]Defendants' joint response (#17) more nearly resembles a brief in support of a motion for summary judgment, which in the court's view is inapposite. *See Ferrell v. BGF Global, LLC,* 2015 WL 6438988 n.1 (W.D.Okla.2015)(petition's allegations accepted as true for purposes of fraudulent joinder analysis).

Defendant argues that plaintiff's claim against the non-diverse parties fails because plaintiff's father had a duty to read the policy and his failure to do so does not relieve him from the legal impact of such provisions. The Tenth Circuit held to the contrary in *Business Interiors, Inc. v. Aetna Casualty & Surety Co.,* 751 F.2d 361 (10th Cir.1984), stating that under Oklahoma law "an insured has no duty to read his written policy and notice discrepancies between it and previous representations of a soliciting agent." *Id.* at 364. *See also McDaniel v. Continental Cas. Co.,* 2018 WL 8758739, *6 (W.D.Okla.2018)(denying claim of fraudulent joinder).

Defendant also contends that the petition does not plead fraud with particularity as required by Rule 9(b) F.R.Cv.P. (This is the same standard applicable in state court pursuant to 12 O.S. §2009(B); *see Traylor v. National Liability and Fire Ins. Co.,* 2011 WL 13114113 n. 7 (W.D.Okla.2011)). Even if defendant is correct, however, in the fraudulent joinder context it must show "that the plaintiff cannot cure the purportedly deficient allegations by amendment." *Id.* at *5. *See also Shue v. High Pressure Transports,* 2010 WL 4824560, *7 (N.D.Okla.2010); *McDaniel,* 2018 WL 8758739 n.6. This burden has not been met.

Finally, defendant contends that plaintiff's fraud claim involves future performance (i.e., that the insurance could help pay off the loan in the event of his father's death) and therefore cannot support an actionable misrepresentation. Again, the court disagrees. "Oklahoma follows the view that fraud can be predicated upon a promise to do a thing in the future when the intent of the promisor is otherwise." *Id.* at n.9 (quoting *Citation Company*

5

*Realtors, Inc. v. Lyon,* 610 P.2d 788, 790 (Okla.1980)).  The court in *McDaniel* similarly rejected an argument under the parol evidence rule.  *Id.  See also Ford v. Liberty Mut. Ins. Co.,* 2020 WL 259554, *3 (W.D.Okla.2020).

Under the applicable standard, the court grants the present motion.  Defendant has not shown there is <u>no possibility</u> plaintiff would be able to establish a cause of action against the non-diverse defendants in state court.  *See Coppedge v. Cabor Norit Americas, Inc.,* 2020 WL 967339, *2 (N.D.Okla.2020). Whether the discovery process establishes such facts is not for this court to determine.[4]

It is the order of the court that the motion of the plaintiff to remand (#10) is hereby granted.  Pursuant to 28 U.S.C. §1447(c), this action is remanded to the District Court for Muskogee County, State of Oklahoma.

**ORDERED THIS 18th DAY OF MAY, 2020.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

---

[4]The court acknowledges differences in Tenth Circuit phrasing.  In *Nerad,* the test was articulated as "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.  A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law."  203 Fed.Appx. at 913.  In this court's view the Circuit's use of "<u>alleged</u> facts" indicates the result is the same in the case at bar.  *See also Bailey v. Markham,* 2020 WL 1324477, **22-24 (D.N.M.2020).